UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO:

**DAVID JACKSON,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**DISCOVER FINANCIAL SERVICES INC.,**

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff David Jackson brings this class action against Defendant Discover Financial Services Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2.    Defendant operates a credit card brand and financial services company where it loans money for purchases.[1]

---

[1] www.discover.com

1

3. Defendant routinely violates the TCPA by using prerecorded message calls to collect debts.

4. Defendant also routinely violates the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to consumers for the purpose of debt collection even after it is made aware, or should know, that it is placing calls to the wrong person and telephone number.

5. Indeed, consumer complaints regarding Defendant's TCPA violations are rampant on the Internet. The following are just a few consumer complaints expressing confusion and annoyance at Defendant's calls stop as far back as 2019:

- Caller called from a different number and left a voice mail. She asked me to call this number back supposedly regarding a Discover Card. Interestingly, the call was not for me; but for a person I do not know. Why they are calling me is unknown.

- Called from a number not affiliated with Discover Card, call was for someone else not me.

- Called and left a message for no one in particular stating they were from Discover card. When I called back, they couldn't tell me who they were looking to speak with. They gave me a list of people that I knew, asking to speak with them. I just hung up. The call did not seem legit at all.[2]

- The caller has left multiple voice mails claiming to be Discover however the phone number is not the Discover card phone number. Also, the intent of the

---

[2] 800-973-4066 / 8009734066 (800notes.com)

2

call is never disclosed. Simply advised "please return our call". Appears to be a phishing attempt for sensitive data.

- Call related to Other received in Texas. Calling with recorded message (robocalls)[3]

- My number has never been associated with Discover card. Keeps calling, every time I answer they tell me a different number ($300-$600) owed.

- Got a call on our business line for my dad, "Kim" asked if I was his spouse, said no I am his daughter, she left the number and would only tell me it was 'personal business matter'. She used his middle initial but not his full first name, flag number one, flag number 2...she told me this call will be recorder AFTER we had already spoken lol

- Got a call for my boyfriend's best friend and they didn't say why, just left this number.

- Caller left voicemail for Cynthia Drone (not me) regarding a "personal business matter". Interesting to see that other users commented that their voice messages had been regarding a Discover card. This afternoon, discover card notified me via text and email regarding a suspicious charge (>300) from SPECTRUM. I disputed the charge and they are sending me a new card.

- Caller called from a different number and left a voice mail. She asked to call this number back, supposedly regarding a Discover card. Interestingly the call was not for me; but for a person I do know. Why they are calling me is unknown.[4]

---

[3] tellows.com/num/8009734066
[4] www.reportedcalls.com/8009734066

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal statutes.

8. This Court has general personal jurisdiction over Defendant because Defendant is incorporated and headquartered in Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of North Carolina.

11. Defendant is a corporation whose principal office is located in Lake County, Illinois. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

12. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. Defendant identifies itself as a debt collector in its communications with consumers, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

16. On January 2, 2021, Defendant caused a prerecorded and/or artificial voice message to be transmitted to Plaintiff's cellular telephone number ending in 5935 ("5935 Number").

17. At the time Plaintiff received the artificial voice messages Plaintiff was the subscriber and/or sole user of the 5935 Number.

18. The prerecorded and/or artificial voice message states this is "Jeremy calling from Discover Card. Please return my call toll free at 1-800-973-4066".

19. On March 30, 2021, Defendant called Plaintiff from the 480-4811833 telephone number stating "this message is for Jennifer Cook. My name is Elizabeth and I'm calling from Discover Card. Its important that I hear from you."

20. Defendant has called Plaintiff numerous other times and on at least one occasion Plaintiff has informed Defendant that he was not Jennifer Cook and that he doesn't have any account with Defendant.

21. Despite Plaintiff notifying Defendant that it was calling the wrong person, Defendant continued placing calls to Plaintiff's cellular telephone number.

22. Plaintiff is not a customer of Defendant.

23. Plaintiff does not have any business relationship with Defendant.

24. Plaintiff does not have any account with Defendant.

25. Plaintiff does not owe any money to Defendant.

26. Plaintiff did not provide the 5935 Number to Defendant.

27. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number using an artificial or prerecorded voice.

28. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party.

29. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

30. Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders and upon information and belief, for the purpose of attempting to collect a debt.

31. Plaintiff does not know the third party (Jennifer Cook) that Defendant has attempted to reach by placing calls to his cellular telephone number.

32. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district.

33. Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

35. Plaintiff brings this case on behalf of the Classes defined as follows:

> **TCPA Class:** All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a residential or cellular telephone service, by (3) using an artificial or prerecorded voice, (4) during the four years prior to the filing of this lawsuit through and including the date of class certification, (5) where the called party did not have an account or debt with and/or serviced by Defendant and/or after having notified Defendant that it was calling the wrong party.

> **FDCPA Class:** All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, calls, (2) during the four years prior to the filing of this lawsuit through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Defendant was informed that it was calling the wrong person.

36. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

37. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

38. Upon information and belief, Defendant has sent prerecorded artificial voice or prerecorded voice messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an artificial voice or prerecorded voice;

    b) Whether Defendant violated the FDCPA through harassing and oppressive debt collection tactics;

    c) Whether Defendant made non-emergency calls to wrong or reassigned telephone numbers;

    d) Whether Defendant continued to call consumers after being informed that it was calling the wrong party;

    e) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    f) Whether Defendant's conduct was knowing and willful;

    g) Whether Defendant is liable for damages, and the amount of such damages; and

    h) Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits artificial voice or prerecorded voice messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class

members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)

### (On Behalf of Plaintiff and TCPA Class)

46. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

47. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

48. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

49. Defendant used artificial voice and/or prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

50. Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

51. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii) and 64.1200(a)(1)(iii) by using artificial voice and/or prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

52. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using artificial voice and/or prerecorded messages. The violations were therefore willful or knowing.

53. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II

### Violations of the FDCPA, 15 U.S.C. § 1692

**(On Behalf of Plaintiff and the FDCPA Class)**

54. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-45.

55. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

56. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's and the Class members' telephones to ring repeatedly or continuously, with intent to annoy, abuse, or harass them at the called numbers.

57. Defendant was informed by Plaintiff and the Class members that it was contacting the wrong party. Defendant nevertheless persisted in its harassing and abusing calls.

58. Defendant did so by repeatedly dialing Plaintiff's telephone number after being made aware it was calling the wrong person.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.,* and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

h) Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

i) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: August 17, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Ignacio J. Hiraldo, Esq.*<br>IJH Law<br>Ignacio J. Hiraldo, Esq.<br>Fl. Bar No. 56031<br>DC Bar No.485610<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>t. 786-496-4469<br>e. ijhiraldo@ijhlaw.com | HIRALDO PA<br>Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>Email: mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713 |

*Attorneys for Plaintiff and the Proposed Class*