UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO: 1:21-cv-04529/FEINERMAN

**DAVID JACKSON,**
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

**DISCOVER FINANCIAL SERVICES INC,**

       Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff David Jackson brings this class action against Defendant Discover Financial Services Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.     Defendant operates a credit card and financial services company.

3.     Defendant routinely violates the TCPA by using prerecorded messages to place calls regarding outstanding credit card accounts. As outlined below, Defendant, with no regard for consumer privacy, routinely calls individuals who have never had any type of relationship with Defendant in efforts to locate its past due account holders.

---

[1] Pursuant to Rule 15(a)(1)(B), Plaintiff hereby amends his pleadings as a matter of course, thereby mooting Defendant's Motion to Dismiss, [DE 11].

1

4. Consumer complaints regarding Defendant's TCPA violations are rampant on the Internet. The following are just a few examples of consumers expressing confusion and annoyance regarding Defendant's spam robocalls:

- Caller called from a different number and left a voice mail. She asked me to call this number back supposedly regarding a Discover Card. Interestingly, the call was not for me; but for a person I do not know. Why they are calling me is unknown.

- Called from a number not affiliated with Discover Card, call was for someone else not me.

- Called and left a message for no one in particular stating they were from Discover card. When I called back, they couldn't tell me who they were looking to speak with. They gave me a list of people that I knew, asking to speak with them. I just hung up. The call did not seem legit at all.[2]

- The caller has left multiple voice mails claiming to be Discover however the phone number is not the Discover card phone number. Also, the intent of the call is never disclosed. Simply advised "please return our call". Appears to be a phishing attempt for sensitive data.

- Call related to Other received in Texas. Calling with recorded message (robocalls)[3]

- My number has never been associated with Discover card. Keeps calling, every time I answer they tell me a different number ($300-$600) owed.

- Got a call on our business line for my dad, "Kim" asked if I was his spouse, said no I am his daughter, she left the number and would only tell me it was 'personal business matter'. She used his middle initial but not his full first name, flag number one, flag number 2...she told me this call will be recorder AFTER we had already spoken lol

- Got a call for my boyfriend's best friend and they didn't say why, just left this number.

---

[2] 800-973-4066 / 8009734066 (800notes.com)

[3] tellows.com/num/8009734066

- Caller left voicemail for Cynthia Drone (not me) regarding a "personal business matter". Interesting to see that other users commented that their voice messages had been regarding a Discover card. This afternoon, discover card notified me via text and email regarding a suspicious charge (>300) from SPECTRUM. I disputed the charge and they are sending me a new card.

- Caller called from a different number and left a voice mail. She asked to call this number back, supposedly regarding a Discover card. Interestingly the call was not for me; but for a person I do know. Why they are calling me is unknown.[4]

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

### JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

7. This Court has general personal jurisdiction over Defendant because Defendant is incorporated and headquartered in Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of North Carolina.

10. Defendant is a corporation whose principal office is located in Lake County, Illinois. Defendant directs, markets, and provides its business activities throughout the state of Illinois.

---

[4] www.reportedcalls.com/8009734066

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. On January 2, 2021, Defendant caused a prerecorded voice message to be transmitted to Plaintiff's cellular telephone number ending in 5935 ("5935 Number").

13. At the time Plaintiff received the prerecorded voice message, Plaintiff was the subscriber and/or sole user of the 5935 Number.

14. The prerecorded voice message stated that it was "Jeremy calling from Discover Card. Please return my call toll free at 1-800-973-4066."

15. On March 30, 2021, Defendant called Plaintiff from the telephone number 480-481-1833 with another prerecorded message stating: "This message is for Jennifer Cook. My name is Elizabeth and I'm calling from Discover Card. Its important that I hear from you."

16. Defendant has called Plaintiff numerous other times and on at least one occasion Plaintiff told Defendant that he was not Jennifer Cook and that he does not have an account with Defendant.

17. Despite Plaintiff notifying Defendant that it was calling the wrong person, Defendant continued placing calls to Plaintiff's cellular telephone number utilizing prerecorded messages.

18. Plaintiff is not a customer of Defendant.

19. Plaintiff does not have any business relationship with Defendant.

20. Plaintiff does not have any account with Defendant.

21. Plaintiff does not owe any money to Defendant.

22. Plaintiff did not provide the 5935 Number to Defendant.

23. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number using an artificial or prerecorded voice.

24. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

25. Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders for the purpose of attempting to collect a debt.

26. Plaintiff does not know the third party (Jennifer Cook) that Defendant has attempted to reach by placing calls to his cellular telephone number.

27. As demonstrated by the consumer complaints quoted above, Defendant caused similar calls to be placed to individuals throughout the United States.

28. During the relevant time frame, and given the volume of calls and complaints regarding Defendant's wrong number calls, Defendant caused prerecorded voice calls regarding a debt on a Discover credit card account to be placed to at least 50 individuals who have never had an account with Defendant and/or who did not provide their telephone number to Defendant.

29. Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

31. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons throughout the United States to whom Defendant placed, or caused to be placed, a call using an artificial or prerecorded voice, regarding a Discover credit card account debt, where the called party does not have an account with Defendant and/or has never provided the called number to Defendant.**

32. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

34. Upon information and belief, Defendant has sent prerecorded artificial voice or prerecorded voice messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an artificial voice or prerecorded voice;

   b) Whether Defendant violated the FDCPA through harassing and oppressive debt collection tactics;

   c) Whether Defendant made non-emergency calls to wrong or reassigned telephone numbers;

   d) Whether Defendant continued to call consumers after being informed that it was calling the wrong party;

   e) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   f) Whether Defendant's conduct was knowing and willful;

   g) Whether Defendant is liable for damages, and the amount of such damages; and

   h) Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits artificial voice or prerecorded voice messages to telephone

numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
### (On Behalf of Plaintiff and TCPA Class)

42. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

45. It is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

46. Defendant used artificial voice and/or prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

47. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

48. Defendant has, therefore, violated §§ 227(b)(1)(A), 227(b)(1)(B), and 64.1200(a)(1)(iii) by using artificial voice and/or prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

49. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using artificial voice and/or prerecorded messages. The violations were therefore willful or knowing.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury.

Dated: October 21, 2021

          Respectfully submitted,

          **HIRALDO P.A.**

          */s/ Manuel S. Hiraldo*
          Manuel S. Hiraldo
          Florida Bar No. 030380
          401 E. Las Olas Boulevard Suite 1400
          Ft. Lauderdale, Florida 33301
          Email: mhiraldo@hiraldolaw.com
          Telephone: 954.400.4713

          *Counsel for Plaintiff*