## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and among David Jackson ("Plaintiff"), on behalf of himself and the Settlement Class (as defined below), on the one hand, and Discover Bank ("Discover"), on the other hand (collectively, the "Parties"). Plaintiff, Class Counsel (as defined below) and Discover hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all Released Claims (as defined below) of Plaintiff and the Settlement Class Members (as defined below) included in the action entitled David Jackson v. Discover Financial Services, Inc., No. 1:21-cv-04529 (N.D. Ill.) (the "Action"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.  RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.  Plaintiff filed the Action alleging, among other things, that Discover violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by placing calls to cellular telephones using an artificial or prerecorded voice without the prior express consent of Plaintiff and the putative class members.

B.  Discover vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. Discover desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

C.  This Agreement results from and is the product of extensive, good faith and arm's length negotiations, including through the Parties' participation in private mediation before Bruce Friedman, Esq. of JAMS (the "Mediator").

D.  The Parties enter into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully,

1

finally and forever resolve, discharge and release all Released Claims (as defined below) of Plaintiff and the Settlement Class Members in exchange for Discover's agreement to pay the total amount of $1,000,000.00 (one million dollars and zero cents) inclusive of Settlement Costs and Settlement Awards as set forth below.

E.      The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff, on behalf of himself and the Settlement Class, and Discover agree to the Settlement, subject to approval by the Court, as follows:

## II.    ADDITIONAL DEFINITIONS

A.      In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.      "Action" means David Jackson v. Discover Financial Services, Inc., No. 1:21-cv-04529 (N.D. Ill.).

2.      "CAFA Notice" refers to the notice requirements of 28 U.S.C. § 1715(b).

3.      "Claim Form" or "Claim" means the claim form to be submitted by Settlement Class Members to receive a Settlement Award pursuant to Section III.F of this Agreement, subject to approval by the Court, substantially in the forms attached hereto as Exhibit 1 and Exhibit 2.

4.      "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the

2

Settlement. As set forth in III.B.1 of this Agreement, the last day of the Claim Period will be 75 days following the Notice Deadline.

5. "Class Counsel" means Greenwald Davidson Radbil PLLC, Hiraldo P.A., IJH Law, and Eisenband Law, P.A.

6. "Class Notice" means any type of notice that may be utilized to notify persons in the Settlement Class of the Settlement, including one or more of the following methods: E-mail Notice, Mail Notice, Website Notice and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section III.E of this Agreement.

7. "Class Period" means the period from August 25, 2017, through the date of entry of the Preliminary Approval Order.

8. "Court" means the United States District Court for the Northern District of Illinois.

9. "Cy Pres Distribution" means the residual from the Settlement Fund which may be distributed pursuant to Section III.G.3 of this Agreement.

10. "Effective Date" means five days after the last of the following dates: (i) the entry of the Final Approval Order; and (ii) the final disposition of any related appeals, or, in the case of no appeal or review being filed, expiration of the applicable appellate period.

11. "E-mail Notice" means the notice may be provided via e-mail pursuant to Section III.E.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 3.

12. "Discover's Counsel" means Stroock & Stroock & Lavan LLP.

13. "Final Approval Hearing" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Plaintiff.

3

14.     "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit 6. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

15.     "Long-Form Notice" shall have the meaning set forth in Section III.E of this Agreement.

16.     "Mail Notice" means the postcard notice that will be provided pursuant to Section III.E.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 2.

17.     "Memorandum of Understanding" shall mean the document executed by counsel for the Parties on or about October 24, 2022, with respect to the Action and the Settlement.

18.     "Notice Deadline" shall have the meaning set forth in Section III.B of this Agreement.

19.     "Notice Program" shall have the meaning set forth in Section III.E of this Agreement.

20.     "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III.B of this Agreement.

21.     "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 5. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

22.     "Redistribution" means additional money from the Settlement Fund which may be distributed to certain eligible Settlement Class Members, as set forth in Section III.G.2 of this Agreement.

23.     "Released Claims" means all claims to be released as set forth in Section III.H of this Agreement, including without limitation all claims alleged in the Action.

4

24. "Released Parties" means Discover Bank, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, and assigns of the aforementioned, as well as any of its agents and vendors, and all other persons or entities identified or described as "Released Parties" in Section III.H of this Agreement.

25. "Releases" means the releases set forth in Section III.H of this Agreement.

26. "Releasing Parties" means Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

27. "Settlement" means the settlement which the Parties have entered to resolve the Action and the allegations therein. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

28. "Settlement Administrator" means Kroll Settlement Administration.

29. "Settlement Award" means a payment that may be available to eligible Settlement Class Members pursuant to Section III.F of this Agreement.

30. "Settlement Class" means: "All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through the date of the preliminary approval order, (5) where the subject of the call was a credit card account issued by Discover, and (6) where the recipient of the call was not a Discover customer." Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

31. "Settlement Class Member" means all persons in the Settlement Class who do not validly opt out of the Settlement Class.

5

32. "Settlement Costs" means: (i) any award of attorneys' fees, costs, and litigation expenses to Class Counsel approved by the Court; (ii) any service award to Plaintiff approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of providing notice of and administering the Settlement, including, but not limited to, the cost of the Notice Program, printing and mailing Claim Forms, Settlement Awards and other payments (including any cy pres distribution), the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms, and the cost of maintaining an accounting of all costs and payments; and (v) the fees, expenses and all other costs of the Settlement Administrator.

33. "Settlement Fund" means the amount of $1,000,000.00 (one million dollars and zero cents), which amount includes all amounts payable by Discover pursuant to this Agreement, including but not limited to all Class Member awards, attorneys' fees, costs, service awards, advancements of notice and administration costs and any and other Settlement Costs paid pursuant to, advanced pursuant to or otherwise described in this Agreement. In no event shall Discover be obligated to pay any amount in excess of the Settlement Fund.

34. "Settlement Website" means the website established by the Settlement Administrator to aid in the administration of the Settlement and upon which will be posted the Website Notice.

35. "Website Notice" means the website notice provided pursuant to Section III.E.2 of this Agreement, substantially in the form attached hereto as Exhibit 4.

B. Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

III. **TERMS OF SETTLEMENT**

A. Conditional Certification of the Settlement Class. Solely for the purposes of providing Class Notice and implementing the terms of this Agreement, the Parties agree to

6

conditional certification of the Settlement Class. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in this Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

B.    Preliminary Approval.

1.    Preliminary Approval Motion. On or before December 2, 2022, or such other date as agreed upon by the Parties and approved by the Court, Plaintiff will move the Court for entry of the Preliminary Approval Order, which shall specifically include requests that the Court: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class; (f) set a deadline seventy-five (75) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the

7

Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (g) approve the Claim Form and the claims process described herein; (h) set the Claim Period for the submission of Claims to end 75 days after the Notice Deadline; (i) pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely Opt-Out; (j) pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and (k) schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than forty-five (45) days after the Opt-Out and Objection Deadline. In connection with the contemplated preliminary approval motion and a subsequent motion for final approval of the Settlement, Discover will reasonably cooperate with Plaintiff in regard to providing confirmatory discovery pertaining to the estimated size of the Settlement Class. This confirmatory discovery may include, but will not be limited to, Class Counsel's review of applicable data regarding potential class members, and testimony obtained by Class Counsel from Discover about data regarding potential class members. All such confirmatory discovery shall be designated confidential pursuant to the protective order entered in the Action. Any dispute over the scope of confirmatory discovery shall be presented in the first instance to the Mediator for a good faith effort to resolve such dispute. The size of the Settlement Class, as the Parties discussed it during mediation, is a material aspect of the Settlement.

2.      Stay/Bar of Proceedings.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, will be preliminarily enjoined from: (1) commencing or prosecuting against

8

the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; and (2) organizing any Settlement Class Members into a separate class, or soliciting the participation of other Settlement Class Members, for purposes of pursuing as a purported class action any lawsuit in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims. However, Settlement Class members will not be precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Action or class action settlement. The Parties will request the entry of such an injunction in the Final Approval Order.

      C.     Financial Consideration to the Settlement Class.

         1.     The Settlement Fund.   As full and complete consideration for the Settlement, Discover will pay the total amount of $1,000,000.00 (one million dollars and zero cents) as the Settlement Fund in settlement of all claims of Plaintiff and the Settlement Class Members described herein. The Settlement Fund shall include payments to claiming Settlement Class Members, as discussed below, any Redistribution, and the following amounts, collectively referred to as "Settlement Costs": (i) any award of attorneys' fees, costs, and litigation expenses to Class Counsel approved by the Court; (ii) any service award to Plaintiff approved by the Court; (iii) all costs of providing notice to persons in the Settlement Class (including, but not limited to, costs for the Notice Program); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments, Claim Forms, the cost of maintaining a designated post office box for receiving Claim Forms; and (v) the fees, expenses and all other costs of the Settlement Administrator. The Settlement Fund shall be reduced by the Settlement Costs prior to making any awards to Settlement Class Members, as set forth in Section G.3. Discover shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement. Within 21 days after entry of the

9

Preliminary Approval Order, Discover shall advance to the Settlement Administrator such money as the Settlement Administrator reasonably determines to be necessary to effectuate the Court-approved notice plan; this payment shall be treated as a contribution to the Settlement Fund and it shall be credited toward Discover's total financial obligation pursuant to this Settlement. The balance of the Settlement Fund (i.e., $1,000,000 less amounts previously advanced for notice) shall be transmitted to the Settlement Administrator 21 days after the Effective Date. In no event shall Discover's total financial obligation under this settlement exceed $1,000,000.

2.      Termination. In the event that the Settlement is not ultimately approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section K.3 below, any money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Discover within fifteen (15) days of the event that causes the Agreement to not become effective.

3.      Settlement Fund Is a Qualified Settlement Fund.

a.      The Settlement Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation § 1.468B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended. The Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

b.      Upon or before establishment of the QSF, the Settlement Administrator shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Discover with that employer identification number on a properly completed and signed IRS Form W-9.

c.      If requested by either Discover or the Settlement Administrator, the Settlement Administrator and Discover shall fully cooperate in filing a relation-back election under

10

Treasury Regulation § 1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

        d.      Other than remitting the Settlement Fund monies as described in Section III.C.1 of this Agreement, Discover shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Settlement Class required hereunder, the processing of claims and opt out letters, the allowance or disallowance of claims by Settlement Class Members, payments to Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and any other taxes, penalties, interest or other charges related to taxes imposed on the QSF or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such remittances shall fully discharge Discover's obligation to Plaintiff, Settlement Class Members, Class Counsel and expenses of administration with respect to the disposition of the Settlement Fund.

        e.      The Settlement Administrator shall file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement or understanding with the Settlement Administrator relating to the QSF shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder.

    D.    <u>Settlement Administrator</u>. The Settlement Administrator shall administer various aspects of the Settlement as described herein, and perform other functions assigned to the

11

Settlement Administrator elsewhere in this Agreement, including, but not limited to: effectuating the Notice Program pursuant to Section III.E; calculating the amount of the Settlement Awards and distributing the Settlement Fund pursuant to Section III.G; and, in the event of termination of the Settlement pursuant to Section C.2, returning the Settlement Fund, along with any accrued interest or earnings, to Discover pursuant to the same Section. The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

1.      Obtain from Discover, on a confidential basis, the list of phone numbers identified by Discover as belonging to potential members of the Settlement Class, and perform reverse lookups in an effort to identify persons entitled to notice and to determine their most recent e-mail addresses and/or direct mailing addresses, and update the addresses received through the National Change of Address database for the purpose of providing the Notice and later mailing Settlement Awards;

2.      Provide the Notice, as described herein and approved by the Court;

3.      Establish and maintain a Post Office box for receipt of Claim Forms and requests for exclusion from the Settlement Class;

4.      Establish and maintain the Settlement Website;

5.      Establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, and to answer the questions of persons who call with or otherwise communicate such inquiries (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice);

6.      Process all Claim Forms and requests for exclusion from persons in the Settlement Class;

7.      Provide weekly reports and a final report to Class Counsel and Discover's Counsel that summarize the number of requests for exclusion received that period, the total number

12

of exclusion requests received to date, the number of claims received to date, copies of all exclusion requests and Claim Forms received to date, and other pertinent information as may be requested by Discover and/or Class Counsel;

8.       In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that verifies that the Notice Program directed by the Court has been effectuated, confirms the number of valid Claims, and identifies each person in the Settlement Class who timely and properly requested exclusion from the Settlement Class. The names and contact information for any person who requested to be excluded from the Settlement Class shall be redacted, or filed under seal, and not made publicly available unless expressly directed by the Court; and

9.       Facilitate and process the payment from the Settlement Fund of the following: (a) all Settlement Costs (including any award of attorneys' fees and costs to Class Counsel approved by the Court, and any service award to Plaintiff approved by the Court); (b) all Settlement Awards to claiming Settlement Class Members; and (c) any Cy Pres Distribution.

E.       Settlement Class Notice Program.  The "Notice Program" will be comprised of Direct Notice and the Long-Form Notice on the Settlement Website. The Notices provided under or as part of the Notice Program will not bear or include the Discover logo or trademarks (except for the abbreviation "Discover"), the return address of Discover, or otherwise be styled so as to appear to originate from Discover.

1.       E-mail or Mail Notice.  The Settlement Administrator will make reasonable efforts to provide individual direct notice to those persons identified as possible members of the Settlement Class based upon a list of telephone numbers to be compiled by Discover by performing reverse lookups in an effort to identify persons in the Settlement Class and to determine their most recent e-mail addresses and/or direct mailing addresses. The Settlement Administrator may rely on E-Mail Notice to notify persons identified as possible members in the Settlement Class; Mail Notice may also be used to provide notice.  To the extent necessary, the Settlement Administrator will perform a search using the National Change of Address database and update its records prior

13

to mailing. The E-mail and Mail Notices shall direct recipients to the Settlement Website and the Long-Form Notice available on the Settlement Website (described in III.E.2). The E-Mail Notice shall employ technology (such as tracking, return-receipt or other code embedded within the e-mails or e-mail headers or metadata) to permit the Settlement Administrator to reasonably determine whether e-mails have been delivered and/or opened. The E-Mail Notice also shall have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website. The Settlement Administrator shall use reasonable means to ensure that the E-Mail Notice is not blocked from delivery or diverted to junk e-mail folders by spam filters or similar technology.

   2. <u>Website Notice</u>. The Settlement Administrator will establish and maintain a website, using a domain name selected by and agreed to by the Parties, dedicated to the Settlement (the "Settlement Website"), on which will be posted the E-mail Notice, the Mail Notice, the Long-Form Notice, and Claim Form (described in II.A.3), as well as other relevant documents relating to the Settlement. The Settlement Website shall also provide for online submission of Claim Forms. The Parties agree that the selected domain name shall be www.JacksonTCPAsettlement.com and shall not include the word "Discover" or any other language or symbol referring to Discover. In addition, the domain name shall not bear or include Discover's or any of its parents', affiliates' or subsidiaries' logos or trademarks. The Parties agree that the Settlement Website shall not link to, or appear on, the website(s) of Discover and/or their parents, affiliates or subsidiaries.

   3. <u>CAFA Notice</u>. Discover shall be responsible for timely compliance with all CAFA notice requirements.

   F. <u>Settlement Awards</u>.

   1. <u>Awards</u>. Each Settlement Class Member will be entitled to make one Claim upon the Settlement Fund, which will be payable as a cash award, as described below. Each Settlement Class Member who submits a valid Claim (subject to Section F.2. below) will be paid

14

a Settlement Award, which shall be calculated by dividing the amount remaining in the Settlement Fund (after deducting all Settlement Costs) by the total number of valid Claims (subject to Section F.2. below).

    2.  <u>Claims</u>. Settlement awards shall be made to eligible Settlement Class Members who submit a valid claim.  To make a claim for a settlement award, Settlement Class Members must submit a valid and timely Claim Form, which shall include, subject to the Court's approval:  (i) the Settlement Class Member's full name and address; (ii) the cellular telephone number at which the Settlement Class Member received a call from Discover, or on behalf of Discover; and (iii) a physically or electronically signed affirmation that (1) the Settlement Class Member was not a Discover customer at the time of the call(s) and, on or after August 25, 2017, (2) the Settlement Class Member received a call with an artificial or prerecorded voice by or on behalf of, or caused to be made by, Discover, to the Settlement Class Member's cellular telephone, and (3) the Settlement Class Member did not provide the cellular telephone number to Discover or is not a person who had consented to receiving calls at that cellular telephone number.  The Claim Forms may be submitted to the Settlement Administrator by mail or via the Settlement Website.  Only one valid Claim Form will be honored per Settlement Class Member per cellular telephone number called, regardless of the number of calls the Settlement Class Member received. Discover shall have the right to review and research the submitted Claim Forms and to suggest denial of claims if Discover has a good faith belief that such claims are improper or fraudulent. Any suggestion of denial of claims shall be provided to Plaintiff's counsel in writing, who will have the right to suggest otherwise. The Settlement Administrator shall ultimately decide whether a Claim Form is valid.

    3.  <u>Obligations of Settlement Class Members Unaffected By Settlement</u>.  The Settlement shall not affect debts owed and/or contracts between Plaintiff or Settlement Class Members, on the one hand, and Discover, on the other.  Plaintiff, all Settlement Class Members and Discover will remain fully obligated on any and all such debts and/or contracts, if any.

15

G.     Distribution of Settlement Awards.

1.     Settlement Award Payments.  Cash award payments shall be mailed by the Settlement Administrator within 45 days after the Effective Date.  The Settlement Administrator may mail, by first class mail, a check to each eligible Settlement Class Member who submitted a timely and valid Claim Form. Electronic payments may also be used, subject to Settlement Class Members' individual preference. The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs and deducted from the Settlement Fund.  Checks will be valid for 120 days from the date on the check.

2.     Remaining Money in the Settlement Fund and Redistribution to Certain Eligible Settlement Class Members.  The amounts of any checks that remain uncashed more than 120 days after the date on the check will be redistributed on a *pro rata* basis to the eligible Settlement Class Members who cashed their first check, if, after administration, the redistribution is economically feasible in that it would allow for a distribution of $5 or more each after deducting associated administration costs (the "Redistribution").   The Settlement Administrator shall continue to make subsequent redistributions to the extent any settlement checks remain uncashed 120 days after the date on the check mailed in connection with the Redistribution, until the Redistribution is no longer economically feasible (i.e., distribution would be less than $5 each). Once Redistribution is no longer economically feasible, the remaining amounts shall be distributed as part of the Cy Pres Distribution.  No remaining funds shall revert to Discover or otherwise be paid to Discover.

3.     Cy Pres Distribution.  If there is any money remaining in the Settlement Fund after payment of the Settlement Costs (including costs of notice and claims administration), awards to Settlement Class Members and any Redistributions, such monies will be distributed to non-profit charitable organizations (the "Cy Pres Distribution").  The Cy Pres Distribution shall be made 60 days after completion of the distribution of settlement award payments or, if necessary, after all Redistributions have been exhausted, whichever is later.  The Parties jointly propose Legal

16

Aid Society – Metropolitan Family Services and Legal Aid Chicago, subject to Court approval, as the cy res recipients. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to approval by the Court.

        H.   <u>Releases</u>. As of the Effective Date, Plaintiff and the Settlement Class Members provide the following releases:

> Upon entry of the Final Approval Order, Plaintiff and all Settlement Class Members, on behalf of themselves and their respective, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns will be deemed to have fully released and forever discharged Discover Bank, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, and assigns of the aforementioned, as well as any of its agents or vendors (together, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or are related in any way to the actual or alleged use, or caused use, by Discover Bank (or any of its agents or vendors, making calls by, on behalf of or caused to be

17

made by Discover Financial Services, Inc.) of an artificial or prerecorded voice (to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) to have made, or caused to have made, from August 25, 2017, through the date of the preliminary approval order, in connection with the calls at issue in this matter to a cellular telephone number of a Settlement Class Member where the subject of the call was a Discover credit card account and the recipient of the call was not a customer of Discover, including, but not limited to, claims under or for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of an artificial or prerecorded voice (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, which are set forth below:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

18

> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY. Cal. Civ. Code § 1542.
>
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR. S.D.C.L. § 20-7-11.

Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

I. __Attorneys' Fees And Costs__. Plaintiff shall move the Court for an award of attorneys' fees not to exceed 36% of the Settlement Fund, less notice and administration costs, and actual costs and expenses, all to be paid from the Settlement Fund. Class Counsel shall receive payment of the fees and costs awarded by the Court out of the Settlement Fund within 45 days after the Effective Date. Distribution of attorneys' fees and costs among Class Counsel shall be pursuant to a separately negotiated agreement between and among Class Counsel, separate from the Settlement Agreement. Discover takes no position concerning the amount of or the division of attorneys' fees and costs among Class Counsel and reserves its right to object to the request in

19

its sole discretion. Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

        J.      Service Award. Plaintiff will apply to the Court for approval of a service award not to exceed $10,000.00 to be paid out of the Fund, subject to Court approval. Such service award shall be paid at the time the attorneys' fees and costs payments to Class Counsel are due. Court approval of the service award, or its amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

        K.      Opt-Out Right/Termination.

        1.      Opt-Out Requirements. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Subject to the Court's approval, exclusion requests must: (a) include the full name and address of the person in the Settlement Class requesting exclusion; (b) include the telephone number called by Discover; (c) include the following statement or a statement materially similar to: "I request to be excluded from the settlement in the Jackson action"; and (d) be signed by the person in the Settlement Class who is requesting exclusion. No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person (including, but not limited to, an attorney) in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class. If a person in the Settlement Class submits both an objection and an exclusion request, the person will be considered to have submitted an exclusion request (and not an objection). If a person in the Settlement Class submits both a Claim Form and an exclusion request, the Claim Form will control and the person will be considered to have submitted a Claim Form (and not an exclusion request).

        2.      Retention of Exclusions. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to

counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

3.     Excessive Opt-Outs. All Settlement Class Members will be bound by all determinations and judgments in the Action. If the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds four hundred (400), Discover, in its sole discretion, may (but is not required to) terminate the Settlement. Discover shall inform Class Counsel within thirty (30) days after it is advised in writing that the number of valid opt-out requests is higher than four hundred as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into, but Discover shall pay for all accrued notice and Claims administration costs as of the date of termination of the Settlement.

L.     Objections To The Settlement.

1.     Right To Object. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or a Service Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or Service Award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

21

2.    Objection Requirements.  Subject to the Court's approval, to be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection:  Class Counsel – Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, Florida 33431; and to Discover's Counsel – Arjun P. Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067.  To be valid, an objection must:  (a) state the Settlement Class Member's full name and address; (b) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (c) include a statement of such Settlement Class Member's specific objections; (d) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (e) if the Settlement Class Member is represented by an attorney, identify and provide contact information for the attorney.

M.    Final Approval.  Following completion of the Class Notice process and within 30 days following expiration of the Opt-Out and Objection Period, Plaintiff shall request that the Court enter the Final Approval Order in the form attached hereto as Exhibit 6, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution for the Settlement Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that the Releasing Parties have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss the pending Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the

Court retaining continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Agreement.

N.      Dismissal.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiff and all non-excluded Settlement Class Members.

O.      No Admissions.  Discover expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (b) is or may be deemed to be or may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (c) is or may be deemed a waiver of Discover's right to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of Discover's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class.

P.      No Publicity Beyond Notice Procedures.  Class Counsel and/or Plaintiff will not issue press releases or initiate any public statements regarding the Settlement, except for the Notices, and limited informational references on Class Counsels' websites to the Notices and related publicly available information regarding the Settlement. The Parties will make no statements of any kind to any third party regarding the Settlement prior to filing a motion for preliminary approval with the Court, except for the Settlement Administrator.  However, the Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement and Class Counsel will not be prohibited from communicating with any

person in the Settlement Class regarding the Action or the Settlement. In all communications, the Parties must comply with all confidentiality agreements in the Action and not disclose information that is not a part of the public record.

    Q.    <u>General Matters</u>.

    1.    <u>Settlement Conditioned Upon Approval</u>.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into the Settlement and their existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action, to the propriety or impropriety of class certification, to the amount of damages (or to the lack thereof) or for any other purpose.

    2.    <u>No Admission Of Liability</u>.  The Released Parties vigorously deny any and all liability and are settling solely to avoid the cost and inconvenience of litigation.

    3.    <u>Evidentiary Preclusion</u>.  Neither the Settlement, the Memorandum of Understanding nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Discover's rights to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, Discover's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released

24

Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

4.      Confidentiality.  The terms of this Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties did jointly report the pendency of the mediation and/or a settlement in principle to the Court in the Action, and as necessary to obtain proposals from settlement administrators.  Discover may, at its sole discretion, disclose the terms of the Settlement to its auditors and tax advisors, and to other parties as may be reasonably necessary for tax, securities or legal compliance purposes, or otherwise to effectuate the Settlement.  The protective order currently in effect governing confidential discovery materials will remain in effect currently and subsequent to entry of judgment, and all confidential materials will, promptly after the Effective Date, be returned to the producing party or destroyed.

5.      No Construction Against Drafter.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

6.      Entire Agreement.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement, including without limitation the Memorandum of Understanding.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a

waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

       7.      <u>Authority</u>.  Plaintiff and Discover represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff and Discover to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

       8.      <u>No Assignment</u>.  No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

       9.      <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

       10.     <u>Non-Signatory Released Parties Are Third-Party Beneficiaries</u>.  Each and every Released Party is, despite not signing this Agreement, a third-party beneficiary of this Agreement with full rights to enforce the Releases given hereunder.

       11.     <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

12. <u>Execution In Counterparts</u>. The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13. <u>Notices</u>. All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

As to Plaintiff and the Settlement Class:

GREENWALD DAVIDSON RADBIL PLLC
Michael L. Greenwald
mgreenwald@gdrlawfirm.com
5550 Glades Road, Suite 500
Boca Raton, Florida 33431

As to Discover:

STROOCK & STROOCK & LAVAN LLP
Arjun P. Rao
arao@stroock.com
Marcos D. Sasso
msasso@stroock.com
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

14. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

27

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFF:**

_David Jackson_
<small>David Jackson (Nov 28, 2022 15:41 EST)</small>
David Jackson

Nov 28, 2022
Dated: November __, 2022


**DISCOVER BANK:**

By: _____

Its: _____

Dated: November __, 2022

28

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFF:**

_____                                      Dated: November __, 2022
David Jackson


**DISCOVER BANK:**

By: _____                                Dated: November __, 2022

Its: _____

28

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

HIRALDO P.A.

*Manuel S. Hiraldo*
_____

By:    Manuel Santiago Hiraldo

Nov 28, 2022
Dated:  November ___, 2022


IJH LAW

_____

By:    Ignacio Javier Hiraldo

Nov 28, 2022
Dated:  November ___, 2022


EISENBAND LAW

Michael Eisenband (Nov 28, 2022 15:45 EST)
_____

By:    Michael Eisenband

Nov 28, 2022
Dated:  November ___, 2022


Greenwald Davidson Radbil PLLC

Michael Greenwald (Nov 28, 2022 15:41 EST)
_____

By:    Michael L. Greenwald

Nov 28, 2022
Dated:  November ___, 2022


**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL**

Stroock & Stroock & Lavan LLP


_____

By:    Arjun P. Rao

Dated:  November ___, 2022

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

HIRALDO P.A.

Dated: November __, 2022

By:   Manuel Santiago Hiraldo

IJH LAW

Dated: November __, 2022

By:   Ignacio Javier Hiraldo

EISENBAND LAW

Dated: November __, 2022

By:   Michael Eisenband

Greenwald Davidson Radbil PLLC

Dated: November __, 2022

By:   Michael L. Greenwald

**APPROVED AS TO FORM:**

**DISCOVER'S COUNSEL**

Stroock & Stroock & Lavan LLP

Dated: November 30, 2022

By:   Arjun P. Rao

29

**<u>EXHIBIT 1</u>**

**<u>CLAIM FORM</u>**

LA 52700976

Claim Form

**Northern District of Illinois, Case No. 1:21-cv-04529**

**Jackson v. Discover Financial Services**
**c/o Kroll Settlement Administration**
**P.O. Box 5324**
**New York, NY 10150-5324**

**Toll Free Number: 1-833-709-0661**
**Website: www.JacksonTCPAsettlement.com**

<<claim id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

**To receive a payment from this settlement, you must enter all requested information below, sign,**
**and mail this claim form, postmarked on or before [month] [day], 2023.**

You may submit a claim electronically at www.JacksonTCPAsettlement.com by using the Claim ID on this postcard.

**1. CLAIMANT INFORMATION:**

| | | |
|---|---|---|
| FIRST NAME | MIDDLE NAME | LAST NAME |

ADDRESS 1

ADDRESS 2

| | | | |
|---|---|---|---|
| CITY | STATE | ZIP | (optional) |

**2. AFFIRMATION:**

By signing below, I affirm that (i) I received one or more artificial or prerecorded voice calls on my cellular telephone from or on behalf of Discover Bank between August 25, 2017, and [the date of the preliminary approval order], where the subject of the call was a Discover credit card account that did not belong to me, (ii) I was not a Discover customer on or after August 25, 2017, and (iii) I did not provide Discover my cellular telephone number and had not consented to receiving calls at that cellular telephone number. I wish to participate in this settlement.

Telephone Number(s) At Which Calls Were Received: _____

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.JacksonTCPAsettlement.com OR CALL 1-833-709-0661**

**<u>EXHIBIT 2</u>**

**<u>MAIL NOTICE</u>**

LA 52700976

**What is this lawsuit about?** David Jackson filed a class action lawsuit against Discover Financial Services, Inc. ("Discover"), alleging that it violated the Telephone Consumer Protection Act ("TCPA") by placing calls, in connection with which it used an artificial or prerecorded voice, to cellular telephone numbers assigned to persons who are not Discover customers and who did not provide their telephone number to Discover. Discover denies Mr. Jackson's allegations, and denies it violated the TCPA. The Court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Discover's records identified you as a <u>potential</u> member of the following settlement class: "All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a cellular telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through the date of the preliminary approval order, (5) where the subject of the call was a credit card issued by Discover, and (6) where the recipient of the call was not a Discover customer."

**What does the settlement provide?** Discover will establish a settlement fund of $1 million. Out of the settlement fund will be paid: (1) settlement compensation to participating settlement class members; (2) an award of attorneys' fees not to exceed 36% of the settlement fund, less notice costs, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel in litigating this matter not to exceed $15,000, subject to the Court's approval; (4) costs of notice and administration; and (5) an incentive award to Mr. Jackson not to exceed $10,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $40 and $110, depending on the number of settlement class members who participate.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.JacksonTCPASettlement.com, in which case you will receive a proportionate share of the settlement fund after deducting attorneys' fees, costs, and expenses, and will release certain claims you may have against Discover. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain claims you may have against Discover. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claims you may have against Discover. Or fourth, if you submit a claim form or not, you may also comment on or object to the settlement, however, you will still release certain claims you may have against Discover, if the court approves the settlement. To obtain additional information about your legal rights and options, visit www.JacksonTCPASettlement.com, or contact the settlement administrator by writing to Jackson v. Discover Financial Services, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324, or by calling 1-833-709-0661.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on DATE, 2023, at TIME. The hearing will take place in Courtroom 1719 at the U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will also hear objections to the settlement, if any.

**Front Inside**

---

**Front Outside**

<u>A COURT AUTHORIZED THIS LEGAL NOTICE</u>

**If, between August 25, 2017, and [Date], 2022, Discover made artificial or prerecorded voice calls to your cell phone about a credit card account that did not belong to you, you may be entitled to benefits from a class action settlement.**

A settlement has been reached in a class action lawsuit, *Jackson v. Discover Financial Services, Inc.*, No. 1:21-cv-04529 (N.D. Ill.), where the plaintiff alleges Discover violated the Telephone Consumer Protection Act. In agreeing to settle, Discover does not admit any wrongdoing.

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Jackson v. Discover Financial Services, Inc.**
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

Carefully separate at perforation

### Jackson v. Discover Financial Services, Inc.,
### Case No. 1:21-cv-04529 (N.D. Ill.)

#### CLAIM FORM

[admin] ID: «[Admin] ID»
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

Name/Address Changes:
_____
_____
_____

I affirm that: I received one or more artificial or prerecorded voice calls on my cellular telephone from or on behalf of Discover Bank between August 25, 2017, and [the date of the preliminary approval order], where the subject of the call was a Discover credit card account that did not belong to me, (ii) I was not a Discover customer on or after August 25, 2017, and (iii) I did not provide Discover my cellular telephone number and had not consented to receiving calls at that cellular telephone number. I wish to participate in this settlement.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the
Settlement Administrator at the address on the backside of this form.**

**Bottom Inside**

Signature: _____

Telephone number on which I received the call(s):

_____

Date of signature: _____

**To receive a payment you must enter all requested information above, sign
and mail this claim form, postmarked on or before Month XX, 2023.
Or you may submit a claim through the settlement website, www.JacksonTCPASettlement.com.**

**To exclude yourself from the class action settlement you must mail a written request for
exclusion to the Claims Administrator, postmarked on or before Month XX, 2023.
Your request must include the information required by the Court's Month XX, 2022 Order.**

---

**Bottom Outside**

Please Affix
Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

### Jackson v. Discover Financial Services
### c/o Kroll Settlement Administration
### P.O. Box 5324
### New York, NY 10150-5324

**EXHIBIT 3**

**E-MAIL NOTICE**

## NOTICE REGARDING CLASS ACTION SETTLEMENT

A federal court authorized this notice. This is not a notice of a lawsuit against you or a solicitation from a lawyer. Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

*David Jackson ("Plaintiff") v. Discover Financial Services, Inc. (and, together with Discover Bank, "Discover"),*
**United States District Court for the Northern District of Illinois, Case No. 1:21-cv-04529**

**Discover's records indicate that you may be a member of the proposed "Settlement Class" in this action, which includes all persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through [the date of the preliminary approval order], (5) where the subject of the call was a credit card account issued by Discover, and (6) where the recipient of the call was not a Discover customer. A person who does not exclude him or herself is a "Settlement Class Member."**

**The purpose of this Notice is to inform the Settlement Class of the terms of the settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website: www.JacksonTCPAsettlement.com. You may also call the Toll-Free Settlement Hotline, 1-833-709-0661.**

Plaintiff claims that Discover violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, by placing telephone calls using an artificial or prerecorded voice, between August 25, 2017, and _____, regarding a Discover credit card account to cellular telephones belonging to people who were not Discover customers and did not provide their number to Discover ("wrong-party calls"). The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses.

### TERMS OF THE SETTLEMENT

Discover has agreed to pay $1,000,000 into a settlement fund, which will pay for the costs of notice and administration of the settlement, Settlement Class Members' claims, attorneys' fees to Class Counsel not to exceed 36% of the settlement fund (less notice and administration costs) and Class Counsel's out-of-pocket expenses, if and as approved by the Court, an incentive award of $10,000 to Plaintiff, if approved by the Court, and a potential charitable contribution. **Class Counsel estimate that a Settlement Class Member who submits a valid claim form ("Claim Form") may receive a cash award in the range of $40 to $110.**

### YOUR OPTIONS AND DEADLINES UNDER THE SETTLEMENT

- **Submit a Claim Form. In order to receive benefits under the settlement, you must submit a valid Claim Form by no later than Month XX, 20XX.** Claim Forms may be obtained on the Settlement Website, www.JacksonTCPAsettlement.com or by calling the Toll-Free Settlement Hotline, 1-833-709-0661. Claim Forms must be submitted by mail or through the Settlement Website. Settlement Class Members may only submit one claim. More details can be found here.

- **Exclude Yourself. To exclude yourself from the settlement, submit a written exclusion request postmarked on or before Month XX, 20XX** to the Claims Administrator at Jackson v. Discover Financial Services, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324. To be valid, the written exclusion request must contain specific information that is described on the Settlement Website, www.JacksonTCPAsettlement.com. If you do not submit a valid and timely exclusion request, you will be bound by the terms of the settlement and you will give up your right to sue regarding wrong-party calls placed by Discover to you concerning a Discover credit card account.

- **Object. To object to or comment on the settlement or Class Counsel's Attorneys' Fee and Cost Request ("Fee Request"), you must file an objection with the Court by Month XX, 20XX.** To be valid, objections must contain specific information that is described on the Settlement Website, www.JacksonTCPAsettlement.com. **Class Counsel is requesting attorneys' fees of up to 36% of the settlement fund (less notice and administration costs) as well as out-of-pocket expenses of up to $15,000 out of the settlement fund. Class Counsel's Fee Request and documents in support of it will be available for viewing on the Settlement Website, www.JacksonTCPAsettlement.com by Month XX, 20XX.** Anyone who objects to the settlement may ask to appear at the Final Approval Hearing, described

below. If your objection is valid and submitted on time, the Court will consider it whether or not you appear at the hearing. Even if you submit a valid and timely objection, to benefit from this settlement you must complete a Claim Form.

- **Do Nothing.** If you do nothing, you will not receive any monetary award; and you will lose the right to sue regarding wrong-party calls placed by Discover to you concerning a Discover credit card account.

- **Final Approval Hearing.** **The Final Approval Hearing will take place on Month XX, 20XX at TIME** in Courtroom 1719 at the U.S. District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, 60604.

**Complete details about your rights and options are available on the Settlement Website, www.JacksonTCPAsettlement.com. If you have further questions, you can call the Toll-Free Settlement Hotline, 1-833-709-0661. Please do not call the Court, Discover or Discover's Counsel.**

The United States District Court for the Northern District of Illinois has ordered this email notice to be sent. If you wish to UNSUBSCRIBE from future email messages from the settlement administrator with regard to this Settlement, please click on this link.

# **EXHIBIT 4**

# **WEBSITE NOTICE**

LA 52700976

## WEBSITE NOTICE

*David Jackson ("Plaintiff") v. Discover Financial Services, Inc. (and, together with Discover Bank, "Discover"),* **United States District Court for the Northern District of Illinois, Case No. 1:21-cv-04529**

# If you received artificial or prerecorded voice calls from Discover between August 25, 2017, and _____, regarding a credit card account that did not belong to you, you may be entitled to benefits under a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement will provide $1,000,000 into a fund from which eligible persons who file claims will receive cash awards (the "Settlement Fund"). The cash awards are estimated to be approximately $40-$110 per claim.

- The settlement fully resolves a lawsuit involving allegations that Discover violated the Telephone Consumer Protection Act (the "TCPA") by making artificial or prerecorded voice calls between August 25, 2017, and _____, regarding a Discover credit card account to cell phones belonging to people who were not Discover customers and did not provide their number to Discover.

- You are in the "Settlement Class" if Discover called your cellular telephone between August 25, 2017, and _____, using an artificial or prerecorded voice, concerning a Discover credit card account and you were not a Discover customer and you had never provided Discover with your cell phone number. A person who does not exclude him or herself is a "Settlement Class Member."

- Discover denies all allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses. By entering into the settlement, Discover has not conceded the truth or validity of any of the claims against it.

- The Settlement Fund will be used to pay all amounts related to the settlement, including settlement awards to Settlement Class Members, attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award to Plaintiff, the reasonable costs of notice and administration of the settlement, and a possible charitable contribution if there are uncashed settlement award checks.

- Class Counsel will ask the Court for up to 36% of the Settlement Fund, less notice and administration costs, as attorneys' fees and additional money to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- Your legal rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MONTH XX, 20XX** | This is the only way to receive a payment. You will give up your rights to sue Discover about the legal claims in this case. |
| **EXCLUDE YOURSELF BY MONTH XX, 20XX** | Get no payment. This is the only option that allows you to ever sue Discover on your own regarding the legal claims in this case. |
| **OBJECT BY MONTH XX, 20XX** | Write to the Court about why you believe the settlement is unfair in any respect. Even if you file a valid and timely objection, you can still submit a claim form to receive a payment. |
| **ATTEND A HEARING ON MONTH XX, 20XX** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights to sue Discover about the legal claims in this case. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Settlement award payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed settlement has been reached in the class action lawsuit entitled *Jackson v. Discover Financial Services, Inc.*, Case No. 1:21-cv-04529 (N.D. Ill.). Because your rights may be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What does it mean if I received an e-mail or postcard about this settlement?

If you received an e-mail or postcard describing this settlement, that is because Discover's records indicate that you are a <u>potential</u> member of the Settlement Class. You are a member of the Settlement Class if you meet the class definition, provided in response to Question 5.

## 3. What is this class action lawsuit about?

In a class action, one or more people called a Class Representative (here, Plaintiff) sues on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims that Discover violated the TCPA by making calls that used an artificial or prerecorded voice, between August 25, 2017, and _____, regarding a Discover credit card account to cellular telephones belonging to people who were not Discover customers and did not provide their number to Discover.

Discover denies these allegations and denies any claim of wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Discover's defenses. By entering into the settlement, Discover has not conceded the truth or validity of any of the claims against it.

The Court has conditionally certified a class action for settlement purposes only. The Honorable Nancy L. Maldonado (the "Court") is presiding over this action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Discover. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class Members are eligible to receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

# WHO IS IN THE SETTLEMENT CLASS?

## 5. How do I know if I am a part of the settlement class?

The Court has certified a class action for settlement purposes only. This settlement resolves claims on behalf of the following class:

> All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through [the date of the preliminary approval order], (5) where the subject of the call was a credit card account issued by Discover, and (6) where the recipient of the call was not a Discover customer.

The Settlement Class does *not* include any persons who validly request exclusion from the Settlement Class, as described under Question 14. A person who does not exclude him or herself is a "Settlement Class Member."

If you are still not sure whether you are included in the Settlement Class, you can visit other sections of the Settlement Website, you may write to the Settlement Administrator at Jackson v. Discover Financial Services, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324, or you may call the Toll-Free Settlement Hotline, 1-833-709-0661, for more information.

# THE LAWYERS REPRESENTING YOU

## 6. Do I have lawyers in this case?

The Court has appointed the law firms of Greenwald Davidson Radbil PLLC, Hiraldo P.A., IJH Law, and Eisenband Law, P.A. as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 7. How will Class Counsel and Plaintiff be paid?

Class Counsel will ask the Court to approve payment of up to 36% of the $1,000,000 Settlement Fund, less notice and administration costs, to them for attorneys' fees, and will also ask the Court to approve payment of their out-of-pocket expenses, not to exceed $15,000. This payment would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will ask the Court to approve payment of $10,000 to Plaintiff for his service as Class Representative. The Court may award less than these amounts. Discover reserves the right to oppose these requests.

# THE SETTLEMENT BENEFITS

## 8. What does the settlement provide?

Discover will pay $1,000,000 to cover the costs of settlement including: (1) cash awards to Settlement Class Members who submit a valid and timely claim form; (2) an award of attorneys' fees to Class Counsel not to exceed 36% of the Settlement Fund (less notice and administration costs) and Class Counsel's out-of-pocket expenses of up to $15,000 if and as approved by the Court; (3) a service award to Plaintiff in an amount not to exceed $10,000, as approved by the Court; (4) the reasonable costs of notice and administration of the settlement; and (5) under certain circumstances as described below, a charitable contribution.

**No Portion of the Settlement Fund Will Return to Discover.** Any money remaining in the Settlement Fund after paying settlement awards to Settlement Class Members who submit valid and timely claim forms, attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of the settlement, will be paid (1) in *pro rata* redistribution(s) to Settlement Class Members whose initial settlement awards were cashed, and (2) once there are not enough funds to justify a further redistribution, the remaining funds will be

donated to charities proposed by the Parties and approved by the Court. No portion of the Settlement Fund will return to Discover.

## 9. How much will my settlement award be?

Your share of the Settlement Fund will depend on the number of valid claim forms that Settlement Class Members submit. Class Counsel estimate that the amount of the settlement award (while dependent upon the number of claims) may be within the range of $40 to $110.

## 10. What am I giving up to stay in the Settlement Class?

If you meet the class definition, and unless you exclude yourself from the settlement, you will be part of the Settlement Class, and you will be bound by the release of claims in the settlement. This means that, if the settlement is approved, you cannot sue, continue to sue, or be part of any other lawsuit against Discover or any other released parties asserting a released claim. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you opt out of the settlement, you will agree to release Discover and any other released parties from any and all claims that arise from the artificial or prerecorded voice calls at issue in this action. The release provides:

> Upon entry of the Final Approval Order, Plaintiff and all Settlement Class Members, on behalf of themselves and their respective, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns will be deemed to have fully released and forever discharged Discover Bank, and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, successors, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, and assigns of the aforementioned, as well as any of its agents or vendors (together, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or are related in any way to the actual or alleged use, or caused use, by Discover Bank (or any of its agents or vendors, making calls by, on behalf of or caused to be made by Discover Financial Services, Inc.) of an artificial or prerecorded voice (to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) to have made, or caused to have made, from August 25, 2017, through the date of the preliminary approval order, in connection with the calls at issue in this matter to a cellular telephone number of a Settlement Class Member where the subject of the call was a Discover credit card account and the recipient of the call was not a customer of Discover, including, but not limited to, claims under or for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the regulations

promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the use of an artificial or prerecorded voice (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, which are set forth below:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Cal. Civ. Code § 1542.

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR. S.D.C.L. § 20-7-11.

Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

If you have any questions about the release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A SETTLEMENT AWARD

**11. How can I get a settlement award?**

To qualify for a settlement award, you must submit a claim by Month XX, 20XX. You may submit a claim online or by mail. You may get a claim form on the Settlement Website,

www.JacksonTCPAsettlement.com. **Read the instructions carefully, fill out the claim form completely and accurately, sign it, and submit it**. To be valid, the claim form must be completed fully and accurately and submitted timely. A claim form may be submitted by mail to the claims administrator at: Jackson v. Discover Financial Services, c/o Kroll Settlement Administration, P.O. Box 5324, New York, NY 10150-5324 or via the Settlement Website. If you are submitting your claim via the Settlement Website, it must be submitted no later than Month XX, 20XX. If you are mailing your claim form to the claims administrator, it must be postmarked by Month XX, 20XX.

## WHEN WILL I RECEIVE MY SETTLEMENT AWARD?

### 12. When would I receive a settlement award?

The Court will hold a Final Approval Hearing on Month XX, 20XX to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone entitled to a settlement award will be informed of the progress of the settlement through information posted on the Settlement Website at www.JacksonTCPAsettlement.com. Please be patient.

### 13. Will my settlement award expire?

Yes. Settlement awards are only valid for 120 days after the date on the check. If you fail to cash the check within the 120-day time period, you will be deemed to have forever waived and released your claim for payment. Please act promptly.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the settlement?

If you want to keep the right to sue or continue to sue Discover or a Released Party arising out of a Released Claim, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting out of, the Settlement Class.

You may request exclusion from the Settlement by sending a written request to the Settlement Administrator. Exclusion requests must include: (1) the full name and address of the Settlement Class Member requesting exclusion; (2) the telephone number called by Discover; (3) the following statement: "I/we request to be excluded from the settlement in the Jackson action"; and (4) the Settlement Class Member's signature. Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion. No request for exclusion will be valid unless timely submitted and all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

**Exclusion requests must be postmarked by Month XX, 20XX and mailed to the following address:**

Jackson v. Discover Financial Services
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Discover or a Released Party in the future.

**15. If I do not exclude myself, can I sue Discover for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Discover or any Released Parties for the Released Claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, 20XX.

**16. If I exclude myself, can I get a benefit from this settlement?**

No. If you ask to be excluded, you will not receive a settlement award and you cannot object to the settlement because the settlement no longer affects you. However, in the event a member of the Settlement Class submits both an exclusion request and a claim form, the claim form will control.

## OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class and do not exclude yourself, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a timely, written objection in the manner described below, you are deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, including as to the award of any attorneys' fees and costs to Class Counsel and/or service award to Plaintiff.

To object, you must make your objection in writing, stating that you object to the settlement in Jackson v. Discover Financial Services, Inc., and file it with the Court. To be valid, the written objection must: (1) state your full name and address; (2) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the you are a Settlement Class Member, including providing the cellular telephone number called; (3) include a statement of your specific objections; (4) state the grounds for your objection, as well as identify any documents which you desire the Court to consider; and (5) if you are represented by an attorney, the name and contact information of your attorney.

**To be considered, you must file your objections with the Court at the address below and mail your objections to Class Counsel and Discover at the addresses below no later than Month XX, 20XX.**

*Jackson v. Discover Financial Services, Inc.*
Case No. 1:21-cv-04529
Clerk of the Court
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

For Class Counsel:

For Discover:

GREENWALD DAVIDSON RADBIL PLLC
Michael L. Greenwald
5550 Glades Road, Suite 500
Boca Raton, FL 33431

STROOCK & STROOCK & LAVAN LLP
Arjun P. Rao
2029 Century Park East, 18th Floor
Los Angeles, CA 90067

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you both object and request to exclude yourself, the request to exclude yourself will control.

# IF YOU DO NOTHING

## 19. What happens if I do nothing at all?

If you do nothing, you will not receive a settlement award and you will give up your rights to sue Discover and/or any other Released Parties on a Released Claim. For more information relating to what rights you are giving up, see Question 10.

# THE FINAL APPROVAL HEARING

## 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at TIME on Month, XX, 20XX at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604, in Courtroom 1719. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 17 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to award to Class Counsel in attorneys' fees, and whether, and if so, how much to award to Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

### 21. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time, and meets the other criteria described in the settlement agreement, the Court will consider it.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 17 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, you must say that it is your "Notice of Intention to Appear" in "*Jackson v. Discover Financial Services, Inc.*, Case No. 1:21-cv-04529." The document must also include your name, address, telephone number, that you are a class member, and your signature. The document must be filed with the Court at the address in Question 17 no later than Month XX, 20XX. You cannot speak at the hearing if you exclude yourself from the settlement.

### 23. What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

## GETTING MORE INFORMATION

### 24. How do I get more information?

This notice is only a summary of the proposed settlement. More details are in the settlement agreement. You can get a copy of the settlement agreement by clicking here or you can write to the address below or call the Toll-Free Settlement Hotline, 1-833-709-0661.

**PLEASE DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, DISCOVER, OR DISCOVER'S COUNSEL ABOUT THE SETTLEMENT.**

**JACKSON V. DISCOVER FINANCIAL SERVICES**
**C/O KROLL SETTLEMENT ADMINISTRATION**
**P.O. BOX 5324**
**NEW YORK, NY 10150-5324**

<u>**EXHIBIT 5**</u>

<u>**PRELIMINARY APPROVAL ORDER**</u>

Confidential

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID JACKSON, individually and on behalf of all )
others similarly situated, )
                                       )    Assigned to the Hon. Nancy L.
                Plaintiff, )    Maldonado
                                       )
     v. )
                                       )    Case No. 1:21-cv-04529
DISCOVER FINANCIAL SERVICES INC., )
                                       )
           Defendant. )
                                       )
_____)

## [PROPOSED] ORDER CONDITIONALLY CERTIFYING CLASS AND PRELIMINARILY APPROVING SETTLEMENT

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval (the "Motion") of the proposed class action settlement (the "Settlement") of the above-captioned case. This action was brought by plaintiff David Jackson ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Discover Bank, erroneously sued as Discover Financial Services, Inc. ("Discover" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Motion, the Parties' Settlement Agreement and Release [Dkt. No. \_\_] (the "Agreement"), all other matters in the record and the supporting memorandum of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

      1.        <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

      2.        <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class with respect to the matters ordered herein.

      3.        <u>Scope of Settlement</u>. The Agreement resolves all released claims alleged in the

Action and related thereto, as set forth in greater detail in the Agreement.

4.      Preliminary Approval of Proposed Agreement.   Pursuant to Rule 23(e)(1)(B), the Court has reviewed the Settlement as set forth in the Agreement and finds that the Court will likely be able to approve the Settlement pursuant to the standards set forth in Rule 23(e)(2) and will likely be able to certify the class for purposes of a judgment on the Settlement because: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and with the assistance of a seasoned mediator; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 2, 3 and 4 to the Agreement), that notice is appropriate and warranted, meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled to the notice.

5.      Therefore, the Court grants preliminary approval of the Settlement, and directs notice to be given as set forth herein.

6.      Discover shall provide any and all notice required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

7.      Class Certification for Settlement Purposes Only.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through the date of the preliminary approval order, (5) where the subject of the call was a credit card

2

account issued by Discover, and (6) where the recipient of the call was not a Discover customer.

Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

8.　　In connection with this conditional certification, the Court makes the following preliminary findings:

(a)　　The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)　　There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)　　Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d)　　Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)　　For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)　　For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

9.　　Class Representative. The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10.　　Class Counsel. The Court hereby appoints Greenwald Davidson Radbil PLLC,

3

Hiraldo P.A., IJH Law, and Eisenband Law, P.A. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

11.     Settlement Administrator. Kroll Settlement Administration is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

12.     Class Notice. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and postcards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances. The Court additionally finds that the proposed notices are clearly designed to advise the members of the Settlement Class of their rights. The Court hereby directs the Parties and the Settlement Administrator to cause notice to issue on or before _____ ___, 2023 (45 days after entry of this Order) ("Notice Deadline") and in accordance with the terms of the Settlement Agreement. Notwithstanding anything else in the Notice Plan, the Settlement Website shall be established not later than 45 days after entry of this Preliminary Approval Order.

13.     The Settlement Administrator will file with the Court by no later than _____ ___, **2023** (60 days after entry of this Order), proof that notice was provided in accordance with the Agreement and this Order.

14.     Final Approval Hearing. At ____:____ a/p.m. on _____, _____ ___, **2023**, at Courtroom 1719 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the

4

Agreement and to determine whether (a) final approval of the Settlement embodied in the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses and a service award to Plaintiff should be granted, and in what amount. No later than thirty (30) days after the Notice Deadline, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to Plaintiff. No later than fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

15.      Opt-Out and Objection Deadline. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____ ___, 2023 (75 days after the Notice Deadline). Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control. However, if a class member objects and, after the objection is resolved, seeks to opt-out, the Court may permit withdrawal in the exercise of its discretion.

16.      Exclusion from the Settlement Class. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must include: (1) the full name and address of the Settlement Class Member requesting exclusion; (2) the telephone number called by Discover; (3) the following statement: "I request to be excluded from the settlement in the Jackson action"; and (4) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature. Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion. No request for exclusion will be valid unless timely submitted and all of the information

described above is included or the Court finds the exclusion to be valid in the exercise of its discretion for good cause shown. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member (including, but not limited to, an attorney), may exclude any other Settlement Class Member from the Settlement Class.

17. The Settlement Administrator will retain a copy of all requests for exclusion. Not later than _____ __, **2023**, 14 days prior to the Final Approval Hearing, the Settlement Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

18. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19. All non-excluded Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

20. Objections to the Settlement. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and (b) Discover's Counsel – Arjun P. Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067. In connection with an objection, the Settlement Class Member must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such

Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, identify the attorney and provide contact information. The Court may, in its discretion, not consider an objection unless the objection is filed with the Court, mailed to Class Counsel and Discover's Counsel and includes all of the foregoing information.

21.     Unless otherwise permitted by the Court in its discretion for good cause shown, any Settlement Class Member who fails to comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

22.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, and telephone number in order to protect the objector's privacy. The objector's name and city, state and zip code, as well as the objection, will not be redacted.

23.     All Settlement Class Members who wish to receive a Settlement Award must submit a claim not later than _____ __, **2023**, which is 75 calendar days after the Notice Deadline, in the manner set forth in the Settlement Agreement and the Notice Program.

24.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

25.     Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing,

7

pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

26.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

27.     In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, any money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the

8

Settlement Fund in accordance with the Agreement, shall be returned to Discover within fifteen (15) calendar days of the event that causes the Agreement to not become effective.

28.      No Admission of Liability. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Discover, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

29.      Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

30.      Schedule of Future Events. Accordingly, the following are the deadlines by which certain events must occur:

| Date | Deadline |
|---|---|
| _____, 2023<br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |

| | |
|---|---|
| _____, 2023<br><br>[30 days after Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2023<br><br>[75 days after Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2023<br><br>[75 days after Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Deadline) |
| _____, 2023<br><br>[14 days before Final Approval Hearing] | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal); and<br>(2) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2023<br><br>[No earlier than 45 days after the Opt-Out and Objection deadline] | Final Approval Hearing |

**SO ORDERED.**

Dated this _____ day of _____ 202\_\_

_____
Hon. Nancy L. Maldonado
United States District Court

10

# EXHIBIT 6

# FINAL APPROVAL ORDER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID JACKSON, individually and on behalf of all )
others similarly situated, )
                                            )
                          Plaintiff, )
                                            )
    v.                                     )
                                            )
DISCOVER FINANCIAL SERVICES INC., )
                                            )
                         Defendant. )
                                            )
_____ )

Assigned to the Hon. Nancy L. Maldonado

Case No. 1:21-cv-04529

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

      This matter is before the Court on the Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award [Dkt. No. ___] and Motion for Final Approval of Class Action Settlement [Dkt No. ___]. The Court held a Final Approval Hearing on _____ __, 2023, after notice of the Final Approval Hearing was given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing. (Doc. No. ___) ("Preliminary Approval Order"). The Court has carefully considered all matters submitted to it at the Final Approval Hearing and otherwise and will grant the motions.

      The Court hereby finds, concludes, and orders as follows:

      1.     The Settlement Agreement and Release, including its exhibits, fully executed on November __, 2022 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order [Dkt No. ___] are also incorporated by reference in this Order.

      2.     This Court has jurisdiction over the subject matter of the Action and over the

1

Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified

for settlement purposes in this Court's Preliminary Approval Order.

3.  The "Settlement Class" means:

> All persons and entities throughout the United States (1) to whom
> Discover placed, or caused to be placed by one of its agents or
> vendors, a call, (2) directed to a telephone number assigned to a
> cellular telephone service, (3) that used an artificial or prerecorded
> voice, (4) from August 25, 2017, through the date of the preliminary
> approval order, (5) where the subject of the call was a credit card
> account issued by Discover, and (6) where the recipient of the call
> was not a Discover customer.

Excluded from the Settlement Class are all judges assigned to the Action and their clerks and

staff.

4.  The Court has received and considered ___ objections to the Settlement. All

objections (including those filed untimely) have been considered on their merits and for good

cause all objections are overruled.

5.  The Agreement is the product of arm's-length settlement negotiations between

Plaintiff and Class Counsel, on the one hand, and Discover and Discover's Counsel, on the

other hand.

6.  Class Notice was disseminated to members of the Settlement Class through the

Settlement Administrator in accordance with the terms set forth in the Agreement and this

Court's Preliminary Approval Order [Dkt No. ___].

7.  The Notice Program and claims submission procedures fully satisfy Rule 23 of

the Federal Rules of Civil Procedure and the requirements of due process, and constitute the

best notice practicable under the circumstances. The Notice Program provided individual

notice to all potential members of the Settlement Class who could be identified through

reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as

contemplated in the Settlement and this Order.

8.      This notice provided by Discover pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9.      All persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by the terms and conditions of the Agreement. A list identifying the persons who validly excluded themselves from the Settlement Class has been filed under seal with the Court.

10.     The Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and this Court directs its consummation pursuant to its terms and conditions. Plaintiff, in his role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11.     The Court approves Class Counsel's application for attorneys' fees of $_____ (representing __% of the $1,000,000.00 Settlement Fund, less notice and administration costs), which the Court finds to be fair and reasonable under the particular circumstances in this case. Additionally, Class Counsel is hereby awarded $_____ in costs and litigation expenses. The award of attorneys' fees, costs, and litigation expenses are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12.     The Court finds the payment of service award in the amount of $10,000.00 to

3

the Settlement Class Representative is fair and reasonable. Accordingly, the Settlement Class Representative is hereby awarded $10,000.00, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Discover.

15. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Agreement and in this Order.

16. The Claims Administrator is directed to distribute the consideration to participating Settlement Class Members pursuant to the terms of the Agreement.

17. Plaintiff and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws (and any other similar, comparable, or equivalent laws) are

4

hereby terminated.

18.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.   This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

19.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Discover, or of the truth of any of the claims asserted by Plaintiff.

20.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Discover as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim

5

is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21.     By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

23.     If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

24.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

25.     The Court retains jurisdiction of all matters relating to the modification,

interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**SO ORDERED.**

Dated this _____ day of _____ 202__

_____
Hon. Nancy L. Maldonado
United States District Court