UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID JACKSON, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>   v.<br><br>DISCOVER FINANCIAL SERVICES INC.,<br><br>                   Defendant. | Judge Nancy L. Maldonado<br><br>Case No. 1:21-cv-04529 |

**ORDER CONDITIONALLY CERTIFYING CLASS
AND PRELIMINARILY APPROVING SETTLEMENT**

      This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval (the "Motion") of the proposed class action settlement (the "Settlement") of the above-captioned case. This action was brought by plaintiff David Jackson ("Plaintiff"), individually and on behalf of all others similarly situated, against defendant Discover Bank, erroneously sued as Discover Financial Services, Inc. ("Discover" and, together with Plaintiff, the "Parties"). Based on this Court's review of the Motion [41], the Parties' Settlement Agreement and Release [42-5] (the "Agreement"), all other matters in the record and the supporting memorandum of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

      1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

      2.     <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class with respect to the matters ordered herein.

      3.     <u>Scope of Settlement</u>. The Agreement resolves all released claims alleged in the

Action and related thereto, as set forth in greater detail in the Agreement.

4. <u>Preliminary Approval of Proposed Agreement</u>. Pursuant to Rule 23(e)(1)(B), the Court has reviewed the Settlement as set forth in the Agreement and finds that the Court will likely be able to approve the Settlement pursuant to the standards set forth in Rule 23(e)(2) and will likely be able to certify the class for purposes of a judgment on the Settlement because: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and with the assistance of a seasoned mediator; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 2, 3 and 4 to the Agreement), that notice is appropriate and warranted, meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled to the notice.

5. Therefore, the Court grants preliminary approval of the Settlement, and directs notice to be given as set forth herein.

6. Discover shall provide any and all notice required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

7. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through the date of the preliminary approval order, (5) where the subject of the call was a credit card

2

        account issued by Discover, and (6) where the recipient of the call was not a Discover customer.

Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

    8.    In connection with this conditional certification, the Court makes the following preliminary findings:

        (a)    The Settlement Class appears to be so numerous that joinder of all members is impracticable;

        (b)    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

        (c)    Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

        (d)    Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

        (e)    For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

        (f)    For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

    9.    <u>Class Representative</u>. The Court appoints Plaintiff to act as class representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    10.    <u>Class Counsel</u>. The Court hereby appoints Greenwald Davidson Radbil PLLC,

Hiraldo P.A., IJH Law, and Eisenband Law, P.A. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

11. <u>Settlement Administrator</u>. Kroll Settlement Administration is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

12. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and postcards) and through establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances. The Court additionally finds that the proposed notices are clearly designed to advise the members of the Settlement Class of their rights. The Court hereby directs the Parties and the Settlement Administrator to cause notice to issue on or before March 24, 2023 ("Notice Deadline") and in accordance with the terms of the Settlement Agreement. Notwithstanding anything else in the Notice Plan, the Settlement Website shall be established not later than 45 days after entry of this Preliminary Approval Order.

13. The Settlement Administrator will file with the Court by no later than April 10, 2023, proof that notice was provided in accordance with the Agreement and this Order.

14. <u>Final Approval Hearing</u>. At 10:30 a.m. on July 25, 2023, via WebEx, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied in the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses and a service award to Plaintiff should be granted, and

in what amount. No later than thirty (30) days after the Notice Deadline, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to Plaintiff. No later than fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

15. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by June 7, 2023. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control. However, if a class member objects and, after the objection is resolved, seeks to opt-out, the Court may permit withdrawal in the exercise of its discretion.

16. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must include: (1) the full name and address of the Settlement Class Member requesting exclusion; (2) the telephone number called by Discover; (3) the following statement: "I request to be excluded from the settlement in the <u>Jackson</u> action"; and (4) for mailed opt-out requests, the Settlement Class Member's signature, and for opt-out requests submitted via the Settlement Website, the Settlement Class Member's electronic signature. Exclusion requests must be signed by the Settlement Class Member who is requesting exclusion. No request for exclusion will be valid unless timely submitted and all of the information described above is included or the Court finds the exclusion to be valid in the exercise of its discretion for good cause shown. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member (including, but not limited to, an

5

attorney), may exclude any other Settlement Class Member from the Settlement Class.

17. The Settlement Administrator will retain a copy of all requests for exclusion. Not later than July 11, 2023, 14 days prior to the Final Approval Hearing, the Settlement Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

18. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19. All non-excluded Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

20. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and (b) Discover's Counsel – Arjun P. Rao, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067. In connection with an objection, the Settlement Class Member must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, identify the attorney and provide contact information. The Court may, in its discretion, not consider an objection unless the objection is filed with the

Court, mailed to Class Counsel and Discover's Counsel and includes all of the foregoing information.

21. Unless otherwise permitted by the Court in its discretion for good cause shown, any Settlement Class Member who fails to comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

22. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, and telephone number in order to protect the objector's privacy. The objector's name and city, state and zip code, as well as the objection, will not be redacted.

23. All Settlement Class Members who wish to receive a Settlement Award must submit a claim not later than June 7, 2023, which is 75 calendar days after the Notice Deadline, in the manner set forth in the Settlement Agreement and the Notice Program.

24. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

25. Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent

any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

26. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Discover or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

27. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, any money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Discover within fifteen (15) calendar days of the event that causes the Agreement to not become effective.

28. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission

or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Discover, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

29. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

30. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| Date | Deadline |
| --- | --- |
| March 24, 2023 | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| April 24, 2023 | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| June 7, 2023 | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |

| | |
|---|---|
| June 7, 2023 | Deadline for Settlement Class Members to Submit a Claim Form (Claim Deadline) |
| July 11, 2023 | Deadline for Parties to file the following:<br><br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>and<br>(2) Motion and memorandum in support of final approval, including responses to any objections. |
| July 25, 2023 | Final Approval Hearing |

**SO ORDERED.**

Dated this 7th day of February 20223

_____
Hon. Nancy L. Maldonado
United States District Court