**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID JACKSON, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES INC.,<br><br>                Defendant. | Assigned to the Hon. Nancy L. Maldonado<br><br>Case No. 1:21-cv-04529 |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter is before the Court on the Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award [Dkt. No. 50] and Motion for Final Approval of Class Action Settlement [Dkt. No. 55]. The Court held a Final Approval Hearing on July 25, 2023, after notice of the Final Approval Hearing was given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing. [Dkt. No. 47] ("Preliminary Approval Order"). The Court has carefully considered all matters submitted to it at the Final Approval Hearing and otherwise and will grant the motions.

The Court hereby finds, concludes, and orders as follows:

    1.    The Settlement Agreement and Release, including its exhibits, fully executed on November 30, 2022 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

1

2. This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The "Settlement Class" means:

> All persons and entities throughout the United States (1) to whom Discover placed, or caused to be placed by one of its agents or vendors, a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) that used an artificial or prerecorded voice, (4) from August 25, 2017, through the date of the preliminary approval order, (5) where the subject of the call was a credit card account issued by Discover, and (6) where the recipient of the call was not a Discover customer.

Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

4. There were no objections to the Settlement.

5. The Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, on the one hand, and Discover and Discover's Counsel, on the other hand.

6. Class Notice was disseminated to members of the Settlement Class through the Settlement Administrator in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order.

7. The Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Notice Program provided individual notice to all potential members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This notice provided by Discover pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. All persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by the terms and conditions of the Agreement. One person was excluded from the Settlement Class, and that person's class member ID number is 643652BZ3V868.

10. The Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and this Court directs its consummation pursuant to its terms and conditions. Plaintiff, in his role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11. The Court approves Class Counsel's application for attorneys' fees of $294,002.66 (representing one-third of the $1,000,000.00 Settlement Fund, less notice and administration costs, or 29.4% of the total Settlement Fund), which the Court finds to be fair and reasonable under the particular circumstances in this case. Additionally, Class Counsel is hereby awarded $8,687.02 in costs and litigation expenses. The award of attorneys' fees, costs, and litigation expenses are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12. The Court finds the payment of service award in the amount of $10,000.00 to the Settlement Class Representative is fair and reasonable. Accordingly, the Settlement Class

Representative is hereby awarded $10,000.00, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative are typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Discover.

15. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Agreement and in this Order.

16. The Claims Administrator is directed to distribute the consideration to participating Settlement Class Members pursuant to the terms of the Agreement.

17. Plaintiff and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws (and any other similar, comparable, or equivalent laws) are hereby terminated.

18. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

19. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Discover, or of the truth of any of the claims asserted by Plaintiff.

20. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Discover as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes

of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties, including each Settlement Class Member, irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

23. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

24. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

25. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement

and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**SO ORDERED.**

Dated this 26th day of July 2023

                                              Hon. Nancy L. Maldonado
                                              United States District Court